# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>SABRI SHAMOUN, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 14cv1822-LAB (BLM)<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION** |

　　　Plaintiff Chris Langer filed his complaint on August 4, 2014, bringing claims under the Americans with Disabilities Act (ADA) and supplemental state-law claims. The Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc). The complaint must plead facts, not merely conclusions, to invoke the Court's jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 8(a)(1); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Here, it appears Langer has failed to allege facts showing he has standing to bring his ADA claim. Furthermore, because the only remedy available to Langer under the ADA is injunctive relief, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), if injunctive relief is unavailable or would be ineffective, the ADA claim is moot.  If the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims.

The complaint adequately alleges that Langer is disabled and that he would like to patronize the business whose parking lot he says is defective. What is missing is any factual allegation explaining how the condition of the parking lot harmed him when he visited the store or is deterring him from returning. Instead, the complaint relies on conclusions. Essentially, its theory is that because he is disabled he merely needs to identify a feature on the premises that could pose a problem for someone with a similar disability, and he is entitled to relief. That is not enough.

The complaint alleges that Langor uses a wheelchair, and drives a special van that deploys a ramp for the wheelchair out of the passenger side. It then alleges that "there is not a single van-accessible handicap parking space available for disabled persons who drive vans" in Defendants' establishment's parking lot. (Complaint, ¶ 10.) Apparently Langer is alleging that the parking spaces are not ADA-compliant.[1] Whether a parking space is van-accessible within the meaning of the ADA is a question of law; merely alleging that it is non-compliant is conclusory and thus insufficient.

There is, it would appear, an area that Langer could park his van in, but it is unmarked. (Complaint, ¶ 11 ("The accessible parking space designed for vans has faded beyond recognition, been paved over, or been removed from reserve status."))

The complaint goes on to allege that there is a handicapped parking space (apparently one not intended for vans), but that the stall and access aisles are not level with each other and that at some points the slope exceeds 2%. (Compl., ¶ 13.)

What is missing here is any allegation connecting the lack of markings, or the slope of a different handicapped space with any kind of injury to Langer, or explaining how it deters him from patronizing the business. For example, if Langer needs to use a special space for vans, a handicapped space that isn't intended for vans would not appear to be an obstacle to him. Similarly, if he does not need a parking space specifically for vans, the lack of one

---

[1] Assuming, on the other hand, Langer merely means he finds the spaces not to be van-accessible, he has failed to invoke the protections of the ADA. Langer would only be entitled to an injunction to cure ADA violations, not to make the parking lot as accessible as possible. If the parking lot were ADA-compliant but Langer still found it too difficult to use, he would have no remedy under the ADA.

would not appear to be an obstacle. And in no case does Langer explain how these conditions prevent him from parking, navigating the parking lot, or accessing the business. Merely alleging "difficulty and frustration" (Compl., ¶ 15) is too vague; it doesn't necessarily refer to the kind of difficulties for which the ADA provides a remedy, and would not enable Defendants to formulate a defense.[2] *See Starr v. Baca*, 652 F.3d 1202, 1215–16 (9th Cir. 2011) (holding that plaintiffs must make "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

The fact that some other handicapped person might suffer an injury-in-fact or might benefit from injunctive relief is not sufficient to show Langer has standing. In addition, the insufficiency of the allegations makes it impossible to make the determination that it is likely and not merely speculative that Langer would benefit from injunctive relief; this is relevant both to the redressability prong of the standing analysis, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and the question of whether the Court can grant meaningful injunctive relief. *See Center for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (where the only relief sought would serve no meaningful purpose, claims were moot).

While the Court is not at this stage examining the sufficiency of the pleadings, there are not even any factual allegations to establish that Defendants' business is covered by the ADA, or that reserved van-accessible handicapped spaces are required.

Langer is therefore **ORDERED TO SHOW CAUSE** why the complaint should not be dismissed for lack of jurisdiction. Within **ten calendar days from the date this order is entered in the docket,** Plaintiff must either file an amended complaint correcting the defects this order has identified, or file a memorandum of points and authorities not to exceed five pages explaining why the complaint's factual allegations adequately establish jurisdiction.

/ / /

/ / /

---

[2] To illustrate, after reading the complaint, Defendants would have little to go on if they wanted to conduct an investigation on their own to confirm or deny whether Langer really was deterred by conditions on their premises. It is also possible a plaintiff might experience difficulties and frustrations without having experienced an "injury in fact" sufficient to establish Article III standing. *See Chapman*, 631 F.3d at 947, 950.

If Langer fails to show cause within the time permitted, this action will be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED**.

DATED:  August 15, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge