CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br>         Plaintiff, <br><br>     v. <br><br> **Sabri Shamoun,** in individual and representative capacity as trustee of the Shamoun Family Trust (10-23-96); <br> **Mary S. Shamoun,** in individual and representative capacity as trustee of the Shamoun Family Trust (10-23-96); <br> **OB Quik Stop, Inc.,** a California Corporation; and Does 1-10, <br><br>         Defendants. | **Case:** 3:14-cv-01822-LAB-BLM <br><br> **First Amended Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |

Plaintiff Chris Langer complains of Defendants Sabri Shamoun, in individual and representative capacity as trustee of the Shamoun Family Trust (10-23-96); Mary S. Shamoun, in individual and representative capacity as trustee of the Shamoun Family Trust (10-23-96); OB Quik Stop, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

1

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the OB Quik Liquor store ("Store") located at or about 4984 Voltaire Street, San Diego, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

First Amended Complaint                    **Case:** 3:14-cv-01822-LAB-BLM

Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7.   The Plaintiff went to the Store in June of 2014, to shop.

8.   The Store is a facility open to the public, a place of public accommodation, and a business establishment.

9.   Parking spaces are one of the facilities, privileges and advantages offered by defendants to their customers at the Store.

10. Unfortunately, although parking spaces are one of the facilities available to patrons of the business, there is not a single van-accessible handicap parking space available for disabled persons who drive vans.

11. There are approximately 15 parking spaces in the defendants' parking lot. Only one of these spaces is marked as reserved for persons with disabilities. That sole handicap parking stall is nine feet in width and has an access aisle that measures approximately 3 feet in width.

12. On information and belief, plaintiff alleges that a fully compliant van-accessible parking space, with an eight foot access aisle, once existed at this location. That handicap parking stall and access aisle has faded beyond recognition, been paved over, or been removed from reserved status.

13. Defendants have no policy or procedure in place to make sure that the parking spaces remain compliant and suitable for disabled customers.

14. Additionally, the sole handicap parking stall and access aisle on the property are not level with each other because there is a built up curb ramp

First Amended Complaint                              **Case:** 3:14-cv-01822-LAB-BLM

that runs into the access aisle and the parking stall. This results in slopes greater than 2.2%.

15. The defendants have failed to maintain in working and useable condition those features required to provide ready access to persons with disabilities.

16. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration. The plaintiff has a specially equipped van. He needs a full eight foot access aisle to safely and effectively deploy the ramp from his van and to enter and exit his vehicle. Additionally, he needs to have a flat and level parking stall and access aisle to safely use his ramp. A slope surface causes his van and or ramp to tilt, creating difficulty and the risk of injury. Additionally, he will not park in non-accessible parking spaces for fear of being trapped out of his van by a car parking next to him and blocking the space where his ramp must deploy.

17. Plaintiff would like to return and patronize the Store but will be deterred from visiting until the defendants cure the violations.

18. Additionally, the defendants have a practice of keeping merchandise and merchandise displays in the merchandise aisles, restricting the clear passage with to less than 36 inches in and throughout the Store. Although the plaintiff did not personally encounter this violation and is not seeking damages related to this claim, the plaintiff has been made aware of it, and this violation will cause him difficulty if not remedied.

19. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants

First Amended Complaint                          **Case:** 3:14-cv-01822-LAB-BLM

intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

20. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to

                                                          **Case:** 3:14-cv-01822-LAB-BLM

the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

22. Any business that provides parking spaces must provide handicap parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those handicap parking spaces but not less than one must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

23. Here, the lack of a van-accessible handicap parking space is a violation of the law.

24. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2.

25. Here, the access aisle is not level and has a ramp taking up part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4.

26. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

27. Here, the failure to ensure that the accessible parking space was available and ready to be used by the plaintiff is a violation of the law.

First Amended Complaint                    **Case:** 3:14-cv-01822-LAB-BLM

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

30. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**III.  THIRD  CAUSE  OF  ACTION:  VIOLATION  OF  THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

31. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

33. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

First Amended Complaint                    **Case:** 3:14-cv-01822-LAB-BLM

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

34. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

35. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

8

1    3. Reasonable attorney fees, litigation expenses and costs of suit,

2  pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

3

4  Dated: August 19, 2014          CENTER FOR DISABILITY ACCESS

5

6                                  By: _____

7                                  Mark Potter, Esq.
                                   Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

First Amended Complaint                    **Case:** 3:14-cv-01822-LAB-BLM